# Order

Michigan Supreme Court
Lansing, Michigan

January 15, 2010

139543

JERI KAUPP,
        Plaintiff-Appellee,

v

MOURER-FOSTER, INC.,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139543
COA: 281578
Ingham CC: 05-001441-NZ

On order of the Court, the application for leave to appeal the July 14, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

I concur in the order denying defendant's application for leave to appeal. The Court of Appeals majority correctly reversed the trial court because there is a genuine issue of material fact about whether a causal connection exists between the protected activity and plaintiff's discharge.

The record indicates that there was more than a mere temporal proximity between the protected activity and plaintiff's discharge. The Court of Appeals majority explicitly and correctly stated that a "temporal relationship is not enough in and of itself to create a question of fact on the causal relationship of the two events."[1]

The Court of Appeals cited portions of plaintiff's testimony and an email to plaintiff from defendant's co-owner. This evidence supported an inference "that [her] superior expressed clear displeasure with the protected activity engaged in by the plaintiff."[2] This evidence, coupled with the temporal connection between the protected

---

[1] *Kaupp v Mourer-Foster Inc*, unpublished opinion per curiam of the Court of Appeals, issued July 14, 2009 (Docket No. 281578), slip op at 3.

[2] *Id.* at 5, quoting *West v Gen Motors Corp*, 469 Mich 177, 187 (2003).

activity and the discharge, is sufficient for plaintiff's claim to survive summary disposition.[3]

MCR 2.116(G)(5) expressly mandates that a court considering a motion for summary disposition consider "affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties." Thus, although the dissent is correct that the "generous" de novo standard of review does not authorize a reviewing court to "abandon its neutral role," the Court of Appeals did not do so here. Rather, it appropriately based its decision on the record before it.

I concur in the order denying leave to appeal.

CORRIGAN, J. (*dissenting*).

I respectfully dissent from the order denying defendant's application for leave to appeal. The trial court did not err when it granted defendant's motion for summary disposition. The Court of Appeals majority made plaintiff's case for her when she did not marshal any argument. In so doing, the Court of Appeals managed to ignore the principal ground upon which the trial court relied to find the lack of any causal connection between the protected activity and plaintiff's discharge. Accordingly, I would reverse the judgment of the Court of Appeals and reinstate the trial court's order.

Plaintiff filed suit under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq*., alleging wrongful termination after she had reported irregularities concerning defendant's overtime policies to state and federal authorities. The trial court granted defendant's motion for summary disposition, concluding that plaintiff failed to demonstrate a causal connection between the protected activity and her discharge. In a divided opinion, the Court of Appeals reversed and remanded the case for trial.[4] The Court of Appeals majority held that plaintiff proffered sufficient evidence to create a genuine issue of material fact about the causal connection. Dissenting Judge Bandstra concluded that the trial court properly granted summary disposition based on the facts presented to it. He observed that the majority had inappropriately scoured the record for the facts from which it concluded that a genuine issue of material fact existed.

The trial court did not err when it granted defendant's motion. To establish a prima facie case under the WPA, plaintiff must demonstrate that: (1) she was engaged in

---

[3] *West*, *supra* at 187.

[4] *Kaupp v Mourer-Foster Inc*, unpublished opinion per curiam of the Court of Appeals, issued July 14, 2009 (Docket No. 281578).

protected activity as defined by the act, (2) she was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the discharge.[5] Because only the third element of plaintiff's claim is disputed, the salient legal question is whether a causal connection existed between plaintiff's protected activity in August 2005 and her discharge on September 15, 2005.

Plaintiff did not set forth specific facts to show a causal connection between the protected activity and her discharge. In support of its motion for summary disposition, defendant offered evidence that it discharged plaintiff for two reasons. First, on September 14, 2005, one day before defendant terminated plaintiff, plaintiff engaged in an emotional confrontation with her supervisor about changes to her existing duties, which culminated in plaintiff slamming her supervisor's office door and subsequently sending an e-mail announcing that she was leaving for the day. Second, during the confrontation plaintiff stated that she could not work for defendant's owner. The brief in support of defendant's motion set forth specific facts and the relevant evidence that supported those facts. For example, defendant argued that plaintiff could not demonstrate a causal connection because plaintiff's supervisor recommended that plaintiff receive a performance bonus four days after he learned that plaintiff had contacted state and federal authorities and *even though* plaintiff had failed to achieve the working goals necessary to qualify for the bonus in the prescribed 90-day period. In response to defendant's motion, plaintiff relied almost exclusively on the existence of temporal proximity and attached her entire 97-page deposition transcript without discussing any specific testimony. As the trial court explained, the evidence demonstrated that defendant terminated plaintiff because of her "unprofessional response from having one of her responsibilities or duties removed," not because plaintiff engaged in a protected activity. Admittedly, defendant discharged plaintiff approximately three weeks after the protected activity occurred. Without something more, however, temporal proximity does not establish that defendant terminated plaintiff *because of* the protected activity.[6] Consequently, I agree with the trial court that plaintiff failed to establish a prima facie WPA claim because she did not show the requisite causal connection.

Additionally, the Court of Appeals majority effectively made plaintiff's case for her. An appellate court reviews a decision to grant a motion for summary disposition

---

[5] *West v Gen Motors Corp*, 469 Mich 177, 183-184 (2003).

[6] See *West*, 469 Mich at 186 ("[A] temporal relationship, standing alone, does not demonstrate a causal connection between the protected activity and any adverse employment action.").

de novo,[7] but this generous standard of review does not authorize the Court to abandon its neutral role and become plaintiff's counsel. Not only did the Court of Appeals develop and elaborate plaintiff's arguments for her,[8] but the Court also glaringly ignored one of the two primary bases for the trial court's order, namely that defendant paid plaintiff a performance bonus *after* defendant learned about her protected activity and *before* it terminated her. Perplexingly, the Court's exhaustive analysis of the record did not mention this key fact that broke the causal chain even though it was one of the principal grounds on which the trial court relied. This omission further undermines the finding that a material issue of fact existed regarding plaintiff's WPA claim.

Accordingly, I would reverse the judgment of the Court of Appeals and reinstate the trial court's order.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.

---

[7] *Michigan Federation of Teachers & School Related Personnel, AFT, AFL-CIO v Univ of Michigan*, 481 Mich 657, 664 (2008).

[8] See *Goolsby v Detroit*, 419 Mich 651, 655 n 1 (1984), quoting *Mitcham v Detroit*, 355 Mich 182, 203 (1959) ("'It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.'").



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 15, 2010

Clerk