# STATE OF MICHIGAN

# COURT OF APPEALS

AUTO-OWNERS INSURANCE COMPANY,

        Plaintiff-Appellee,

v

CHANDRA L. NYHOF, a/k/a CHANDRA L.
JOWAR,

        Defendant-Appellant,

and

WILLIAM ANTHONY JONES,

        Defendant,

and

LYNN L. GLASER, GLENN W. GLASER, JR.,
and BIT O'HEAVEN, INC., d/b/a GLASER'S
GLENN LOG CABIN RESORT,

        Defendants-Appellees.

UNPUBLISHED
May 7, 2015

No.  320256
Muskegon Circuit Court
LC No.  13-048858-CK

Before:  METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Chandra Nyhof (defendant) appeals by right an order granting plaintiff's motion for summary disposition under MCR 2.116(C)(10) in this declaratory action regarding an insurance company's duty to defend and indemnify.  We affirm.

William Anthony Jones was sentenced to jail for first-degree home invasion and first-degree criminal sexual conduct against defendant.  Defendant filed a civil suit against the Glasers, who were defendant's landlords, and against Jones.  The theories of liability in defendant's underlying complaint were negligence, breach of the common-law covenant of quiet enjoyment, and a violation of MCL 554.139(1)(a) requiring a landlord to maintain the premises in a manner fit for use by the intended parties.

-1-

The complaint alleged that the Glasers breached their duties to defendant, and that breach was the actual, proximate, and foreseeable cause of defendant's rape by Jones. Defendant further alleged the rape committed by Jones caused defendant to suffer physical, emotional, and financial damages.

At the time of the rape, the Glasers were insured under a Tailored Protection Policy issued by plaintiff, which provided liability coverage for bodily injury "caused by an occurrence." The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Additionally, the Glasers were insured under a Dwelling Fire Insurance Policy with regards to the location where defendant resided. This policy was also issued by plaintiff and provided liability coverage only for bodily injury "caused by an occurrence to which this coverage applies." This policy defines "occurrence" as "an accident that results in bodily injury or property damage and includes, as one occurrence, all continuous or repeated exposure to substantially the same generally harmful conditions."

Additionally, both insurance policies contain exclusionary clauses pertinent to this case. The Tailored Protection Policy states that coverage did not apply to bodily injury "expected or intended from the standpoint of the insured." And the Dwelling Fire Insurance Policy states, "No coverage applies to bodily injury or property damage reasonably expected or intended by the insured."

Plaintiff filed this declaratory action, claiming plaintiff has no duty to defend or indemnify the Glasers under these policies. Plaintiff subsequently moved for summary judgment pursuant to MCR 2.116(C)(10), which was granted by the circuit court. This appeal followed.

Defendant raises two issues on appeal. The first is whether defendant's injuries were caused by an "occurrence" and, therefore, covered by both of plaintiff's insurance policies. The second is whether the exclusions in the insurance policies would limit coverage in this case.

This Court reviews de novo decisions regarding summary disposition. *Kaupp v Mourer-Foster, Inc*, 485 Mich 1033, 1035; 776 NW2d 893 (2010). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). The moving party is entitled to judgment "as a matter of law" under MCR 2.116(C)(10) if the nonmoving party fails to establish a genuine issue of material fact exists. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists when, viewed in the light most favorable to the non-moving party, reasonable minds could differ on an issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

The interpretation of an insurance contract is a question of law that this Court reviews de novo. *Morley v Auto Club of Mich*, 458 Mich 459, 465; 581 NW2d 237 (1998). It is well established that "an insurer has a duty to defend an insured and that such duty is not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured even arguably come within the policy coverage." *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 480-481; 642 NW2d 406 (2001) (citations omitted). "The duty to defend and indemnify is not based solely on the terminology used in the

pleadings in the underlying action. The court must also focus on the cause of the injury to determine whether coverage exists." *Fitch v State Farm Fire and Cas Co*, 211 Mich App 468, 471; 536 NW2d 273 (1995). An insurance policy must be enforced in accordance with its terms, but if not defined in the policy, the Court will interpret the terms of the policy in accordance with their "commonly used meaning." *Allstate Ins Co v McCarn*, 466 Mich 277, 280; 645 NW2d 20 (2002).

Both of plaintiff's insurance policies only provide coverage for bodily injuries caused by an occurrence, which is defined as an accident. In this case, "accident" is not defined by either policy. However, using the common meaning of the term, Michigan courts have stated that "an accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 114; 595 NW2d 832 (1999). The appropriate focus of the term "accident" must be on both the injury-causing act or event and its relation to the resulting injury. *Id*. at 115.

In this case, the Glasers' alleged breaches of duty were not the cause of defendant's bodily injury. Without the underlying rape, there would have been no bodily injury and, obviously, no basis for defendant's civil suit. Further, in the underlying complaint, defendant never alleged that the Glasers caused defendant bodily injury. Instead, defendant only alleged that the intentional acts of Jones caused her bodily injury. Therefore, defendant's bodily injury was caused by the rape.

Rape is an intentional criminal act. Jones was convicted of raping defendant, so it is clear that he intended to rape defendant and that the rape was not an accident. Because the rape was not an accident, defendant's bodily injury was not caused by an "occurrence." Because the bodily injury was not caused by an "occurrence," plaintiff's insurance policies do not provide coverage for defendant's bodily injury in this case. Therefore, there is no material issue of fact as to whether plaintiff has a duty to defend and indemnify the Glasers.

In light of our finding that defendant's bodily injury was not caused by an occurrence and, therefore, not covered under plaintiff's insurance policies, it is unnecessary to further address defendant's arguments about the exclusionary clauses.

We conclude that defendant's injuries were not caused by an occurrence, so they are not covered by plaintiff's insurance policies. Because there is no coverage under either insurance policy, plaintiff has no duty to defend or indemnify the insureds in the underlying civil complaint. The trial court's decision to grant summary disposition in favor of plaintiff was proper.

Affirmed. Plaintiff may tax costs.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra